IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN SHANE FREIBERGER,<br><br>    Plaintiff,<br><br>  vs.<br><br>INVESTIGATIVE SERVICE UNIT,<br>et al.,<br><br>    Defendants. | No. C 10-04884 JW (PR)<br><br>ORDER OF DISMISSAL; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br><br><br>(Docket Nos. 2 & 4) |

Plaintiff, a California inmate at San Quentin State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against prison officials. Plaintiff has filed a motion for leave to proceed in forma pauperis, (Docket No. 4).

**DISCUSSION**

A.  Exhaustion

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to

the discretion of the district court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." <u>Id.</u> Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. <u>Id.</u> at 85-86 (citing <u>Booth</u>, 532 U.S. at 734). The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. <u>Id.</u> at 85 (citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002)).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. <u>Id.</u> at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." <u>Ngo</u>, 548 U.S. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." <u>Id.</u> at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. <u>Id.</u> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u> at 90-91 (footnote omitted).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003). A concession to nonexhaustion is a valid ground for dismissal, provided no exception to exhaustion applies. <u>Id.</u> at 1120.

Here, it is obvious from the face of the complaint that plaintiff has not exhausted his administrative remedies. (Compl. 2.) With respect to the second formal level of review, plaintiff indicates that the due date for the response was December 6, 2010. (<u>Id.</u>) However, plaintiff filed the instant action on October 28, 2010, well before the second level review decision was issued. Furthermore, plaintiff did not

Order of Dismissal; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\CR.10\Freiberger04884_dism-exh.wpd      2

1 complete the third formal level of review, and concedes that the last level to which he
2 appealed was not the highest level of appeal available to him.  (Id.)  An action must be
3 dismissed unless the prisoner exhausted his available administrative remedies before
4 he or she filed suit, even if the prisoner fully exhausts while the suit is pending.
5 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill,
6 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted
7 before the prisoner sends his complaint to the court it will be dismissed even if
8 exhaustion is completed by the time the complaint is actually filed).  As it is clear
9 from the complaint that plaintiff did not exhaust his available administrative remedies
10 before he filed the instant action, and no exception to exhaustion applies, dismissal
11 without prejudice is appropriate.  Wyatt, 315 F.3d at 1120.

12 B.   Motion for Leave to Proceed *In Forma Pauperis*

13 Plaintiff's motion to proceed in forma pauperis (Docket No. 4) is GRANTED.
14 Docket No. 2 is DENIED as moot.  The total filing fee that will ultimately be due is
15 $350.00.  An initial partial filing fee of **$ 5.00** is now due.  Funds for the filing fee will
16 be taken from income to plaintiff's account in accordance with 28 U.S.C. §
17 1915(B)(1).

18 A copy of this order and the attached instructions will be sent to plaintiff, the
19 prison trust account office, and the Court's financial office.

### CONCLUSION

22 For the foregoing reasons, this action is hereby DISMISSED without prejudice
23 to plaintiff's refiling his claims after all available administrative remedies have been
24 exhausted.

25 This order terminates Docket Nos. 2 and 4.

27 DATED:   February 2, 2011

JAMES WARE
United States District Chief Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff
      Finance Office

Order of Dismissal; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\CR.10\Freiberger04884_dism-exh.wpd            4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DUSTIN SHANE FREIBERGER,

        Plaintiff,

  v.

INVESTIGATIVE SERVICE UNIT, et al.,

        Defendants.

Case Number: CV10-04884 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/7/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dustin Shane Freiberger V-56886
San Quentin State Prison
San Quentin, CA 94974

Dated: 2/7/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk